Opinion filed July 31, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed July 31,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00177-CR

                                                      _________

 

                                ORVAL
WAYNE TAYLOR, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                             On Appeal
from the 104th District Court

 

                                                            Taylor
County, Texas

 

                                                    Trial
Court Cause No. 15,748-B

 



 

                                             M
E M O R A N D U M   O P I N I O N        

Orval
Wayne Taylor appeals his conviction by a jury of the offense of burglary of a
habitation.  The jury assessed his punishment at fourteen years in the Texas
Department of Criminal Justice, Institutional Division.  In two issues, Taylor
contends that the evidence is legally and factually insufficient to support his
conviction and that the trial court abused its discretion in failing to
suppress evidence concerning an out-of-court photo identification because the
procedure was impermissibly suggestive and gave rise to a very substantial
likelihood of irreparable misidentification.  We affirm.








Taylor
contends in issue two that the evidence is legally and factually insufficient
to support his conviction.  In order to determine if the evidence is legally
sufficient, the appellate court reviews all of the evidence in the light most
favorable to the verdict and determines whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt.
 Jackson v. Virginia, 443 U.S. 307, 319 (1979).  To determine if the
evidence is factually sufficient, the appellate court reviews all of the
evidence in a neutral light. Watson v. State, 204 S.W.3d 404, 414 (Tex.
Crim. App. 2006) (overruling in part Zuniga v. State, 144 S.W.3d 477
(Tex. Crim. App. 2004)); Johnson v.  State, 23 S.W.3d 1, 10-11
(Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407-08 (Tex.
Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App.
1996). Then, the reviewing court determines whether the evidence supporting the
verdict is so weak that the verdict is clearly wrong and manifestly unjust or
whether the verdict is against the great weight and preponderance of the
conflicting evidence.  Watson, 204 S.W.3d at 414-15; Johnson, 23
S.W.3d at 10-11.

Dorothy
Yates, the complainant, testified that on June 3, 2005, when she went into her
house, which was located next to her auction barn on Highway 277, a man was
standing in front of her china cabinet.  She indicated that, when she asked him
what he was doing in her home, he told her that Athey@ had told him she had a
water leak and that he had come to fix it.  She related that, when she told the
man she did not have a water leak and  he did not need to be in her house, he
got out of the house.  She said he returned to the house for a few seconds,
perhaps to retrieve a glove.








Yates
testified that she was able to see and write down the license plate number of
the man=s pickup. 
When asked whether Taylor was the man who she had seen in her house, she
replied, A[w]ell, it
resembles him, about the size, yeah.  I think so, for sure.@  She said that, after the
police had come, she noticed scratches where it looked like someone had put
something in Ato score
the door.@  She indicated
that several of her rings were missing.  Yates testified that a Detective
Michael Hobbs showed her six photographs and that she picked out Taylor=s photograph because it
looked like the man who was in her home.  She said she told him that she hoped
she was right.  She indicated that, because the man in her house had a cap,
Detective Hobbs took a piece of paper and covered part of the head on the
photograph.  She stated that she could not remember whether he had done that
with respect to all three of the photographs.  She related that she was able to
recognize the eyes in the photograph, but she did not know if she recognized
Taylor=s eyes.

Aron
Bryan, an Abilene police officer, testified that she was dispatched to Yates=s residence.  She said that
the license plate number that Yates had reported was 44PPP2.  She indicated
that, when she checked the license plate number on her vehicle=s computer, it showed that
it was the license plate of a 1996 Ford pickup registered to Orval Wayne
Taylor.

Detective
Hobbs of the Abilene Police Department testified that he talked to Yates as
part of his investigation of the burglary at her residence.  He indicated that
he developed a photographic lineup consisting of a photograph of Taylor along
with the photographs of five men who had previously been arrested.  He related
that he prepared the lineup with the assistance of a computer program that was
designed to generate photographs of people similar to the description entered
of the defendant.  He said that he selected five pictures from many that the
computer had selected, trying to get as close as he could to what the defendant
looked like.  He identified State=s
Exhibit Nos. 2 through 7 as the lineup that he developed and showed to Yates.

Detective
Hobbs testified that Yates eliminated all the photographs except that of
Taylor.   He said that she pointed to his picture and said that she was about
75% sure that he was the man who was in her home.  He indicated that, when she
told him she thought he had a cap, he took a piece of paper and put it over the
top of Taylor=s head
in the picture.  He related that, when he did so, she said, AThat=s his eyes, that=s
him.@  He related that
he conducted an independent investigation of the license plate number reported
by Yates that showed that the plate was that of Taylor.  Detective Hobbs
acknowledged that Taylor=s
pickup was two-tone containing both white and blue whereas Yates had described
it as being a white pickup.








James
Hawkins, an inmate in the Taylor County Jail, testified that another inmate,
Evan John Smith, told him that he had broken into a house next to an auction
barn on Highway 277.  He indicated that Smith told him that a woman walked in
while he was in the house and that he ran out because it scared him.  Smith
testified that the conversation never took place.  We hold that the evidence is
legally and factually sufficient to support the conviction.  Taylor contends
that the evidence is insufficient to identify him as the burglar, but we are of
the opinion that Yates=s
tentative identification of him, both in the photographic lineup and in court,
taken together with evidence showing that Taylor was the owner of the pickup
used by the burglar, is sufficient to establish that Taylor was in fact the
burglar.  We overrule issue two.

Taylor
asserts in issue one that the trial court abused its discretion in failing to
suppress evidence concerning an out-of-court photo identification of him
because the procedure was impermissibly suggestive and gave rise to a very
substantial likelihood of irreparable misidentification.  When challenging the
admissibility of pretrial identifications, a defendant has the burden to show,
by clear and convincing evidence based on the totality of the circumstances,
that the pretrial identification procedure was impermissibly suggestive and
that it created a substantial likelihood of irreparable misidentification.  Barley
v. State, 906 S.W.2d 27, 33-34 (Tex. Crim. App. 1995).  It is only after
the court has determined that the procedures were impermissibly suggestive that
it need consider the factors enumerated in Neil v. Biggers, 409 U.S. 188
(1972), to determine whether the reliability of the identification was
affected.  Id. at 34.  We must, therefore, determine whether the photo
array was so suggestive as to make Yates=s
photo array identification of Taylor inadmissible.

We
have set forth a description of the array and the procedures followed by
Detective Hobbs in our discussion of issue two.  Considering all of the
testimony in the record concerning the array, including an examination of the
photographs that were included, we conclude that the photo array was not
impermissibly suggestive.  At trial, Taylor=s
only argument as to the array being suggestive was a reference to Detective
Hobbs placing a sticky note over Taylor=s
photograph to simulate a cap after Yates had eliminated the other five photos
and had said she was 75% sure that Taylor was the man she had confronted in her
house.  As previously noted, Yates had told Detective Hobbs that the man in her
home was wearing a cap.  Under the circumstances, we do not feel that Detective
Hobbs=s failure to
show her the other five photos with a sticky note simulating a cap made the
array suggestive where Yates had previously eliminated those photos as having
anything to do with the man she confronted in her home.  








Taylor
contends for the first time on appeal that the photo array was suggestive
because Detective Hobbs counseled Yates that she should keep in mind that time
can change the looks of an individual, thereby suggesting that the suspect was
in the array.  We fail to see how Detective Hobbs=s
comment concerning how an individual=s
looks change over time was in any way suggestive that the intruder was in the
array or that Taylor was that intruder.  Our examination of the photo array
indicates that all six individuals in the photos had beards, although one of
the individuals not Taylor had a shorter beard than the others.  Inasmuch as Taylor
and all of the rest of the individuals in the array had beards, the array was
not suggestive at least as to Taylor even though Yates had indicated her
intruder had no beard.  Taylor contends that only two of the individuals in the
array had light-colored hair and only two or three had short hair.  Although
Yates had testified that the intruder had short, light-colored hair, our
examination of the array indicates that three of the six individuals in the
array had light-colored hair and almost all had relatively short hair.  In any
event, minor discrepancies between lineup participants will not render a lineup
impermissibly suggestive.  Brown v. State, 29 S.W.3d 251, 254 (Tex. App.CHouston [14th Dist.] 2000,
no pet.).  Inasmuch as Taylor has failed to show by clear and convincing
evidence that the photo array was impermissibly suggestive, we overrule issue
one.  

The
judgment is affirmed.

 

 

PER CURIAM

 

July 31, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[1]









[1]John G. Hill, Former Justice, Court of Appeals 2nd
District of Texas at Fort Worth sitting by assignment.